AO241
(Rev. 10/07)

**19-10783**

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**SECT. I MAG. 4**

| United States District Court | District: _EASTERN_ DISTRICT OF LOUISIANA |
|---|---|
| Name (under which you were convicted) _WILLARD HALL_ _DOC # 595605_ | Docket or Case No: _11-CR8-111954, DIVISION: "G"_ |
| Place of Confinement: **RAYBURN CORRECTIONAL CENTER** | Prisoner No: _Louisiana Department Of Public Safety And Corrections - Number: 595605_ |
| Petitioner (include the name under which you were convicted) _WILLARD HALL_ | v. | Respondent (authorize person having custody of petitioner) **ROBERT C. TANNER, WARDEN RAYBURN CORRECTIONAL CENTER** |
| The Attorney General of the State of Louisiana _JEFF LANDRY_ | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _22ND Judicial District Court, Parish of Washington, Franklinton, Louisiana._

   (b) Criminal docket or case number (if you know): _11-CR8-111954, Division "G"_

2. (a) Date of the judgment of conviction (if you know): _March 13, 2012_

   (b) Date of sentencing: _May 7, 2012_

3. Length of sentence: _Fifteen (15) years and Eight (8) years -- Concurrent_

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: _La. R.S. 14:27:31 Attempted Manslaughter; and La. R.S. 14:34 Aggravated Battery_

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty        ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty            ☐ (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _N/A_

TENDERED FOR FILING
MAY 29 2019
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

___ Fee _[signature]_
___ Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, (trial) or a post-trial hearing?

☑ Yes   ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: First Circuit Court Of Appeal

(b) Docket or case number (if you know): 2012-KA-1812

(c) Result: Convictions and Sentences Affirmed

(d) Date of result: June 11, 2013

(e) Citation to the case (if you know): State of Louisiana v. Willard Hall, 2012-KA-1812 La. Unpub. LEXIS 398 (La. App. 1 Cir. 6/11/2013)

(f) Grounds raised: See Court Record On Appeal:

(g) Did you seek further review by a high state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court: Louisiana Supreme Court

(2) Docket or case number (if you know): State ex rel., Willard Hall v. State, No. 131 So.3d 855 (La. 2/7/2014)

(3) Result: Writ Denied; See Per Curiam.

(4) Date of result: February 7, 2014

(5) Citation to the case (if you know): No. 131 So.3d 855 (La. 2/7/2014

(6) Grounds raised: See Court Record on Writ of Certiorari:

AO241 (Rev. 10/07)                                                                                           Page 4

    (h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know): N/A

    (2) Result: N/A

    (3) Date of result (if you know): N/A

    (4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of Court: 22ND Judicial District Court

    (2) Docket or case number (if you know): 11-CR8-111954, Division "G"

    (3) Date of filing (if you know): July 8, 2014

    (4) Nature of the proceeding: Application For Post Conviction Relief

    (5) Grounds raised: 1) Petitioner's Sixth and Fourteenth Amendments to the United States Constitution and Louisiana Constitution Article I § 16 was violated, when he was denied effective assistance of counsel, as defense counsel would not consult with him whatsoever or allow input.

    2) The jury was comprised of 11 women. This violated the cross-section requirement set forth in Taylor v. Louisiana, 419 U.S. 522, 95 S. Ct. 692, 42 L. Ed. 690 (1975).

    (6) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☒ No

    (7) Result: Denied

    (8) Date of result (if you know): November 29, 2017

    (b) If you filed any second petition, application or motion give the same information:

    (1) Name of court: First Circuit Court Of Appeals

    (2) Docket or case number (if you know): 2018-KW-0146

    (3) Date of filing (if you know): February 6, 2018

    (4) Nature of the proceeding: Supervisory and/or Remedial Writs

AO241  
(Rev. 10/07)                                                                                                        Page 5

(5) Grounds raised: _See Court Record on Writ:_

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☒ No

(7) Result: _Denied_

(8) Date of result: _April 9, 2018_

(c) If you filed any third petition, application, or motion, given the same information:

(1) Name of court: _Louisiana Supreme Court_

(2) Docket or case number (if you know): _2018-KH-0796_

(3) Date of filing (if you know): _May 3, 2018_

(4) Nature of the proceeding: _Application For Supervisory and/or Remedial Writs_

(5) Grounds raised: _See Court Record on Writ:_

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☒ No

(7) Result: _Denied_

(8) Date of result: _April 22, 2019_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes     ☐ No

(2) Second petition: ☐ Yes     ☐ No

(3) Third petition:  ☐ Yes     ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _N/A_

_____

_____

AO241  
(Rev. 10/07)

Page 6

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) you available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** _The court exceeded its jurisdiction in violation of the Fourteenth Amendment to the United States Constitution and Louisiana Constitution Article I, §16, when it deprived the defendant of his life, liberty, and property without due process of the law._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _See the attached Memorandum of Law and Argument in Support of the Petition._

(b) If you did not exhaust your state remedies on Ground One, explain why: _N/A_

(c) **Direct Appeal of Ground One:**

(1) If you appealed form the judgment of conviction, did you raise this issue? ☑ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _N/A_

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Application For Post Conviction Relief._

Name and location of the court where the motion or petition was filed: _22ND Judicial District Court, Parish of Washington, Franklinton, Louisiana._

Docket or case number (if you know): _11-CR8-111954, Division "G"_

Date of the court's decision: _November 29, 2017_

Result (attach a copy of the court's opinion or order, if available): _See Court Record on Application for Post Conviction Relief: Application Denied._

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _First Circuit Court of Appeals, Parish of East Baton Rouge, Baton Rouge, Louisiana._

Docket or case number (if you know): _2018-KW-0146_

Date of the court's decision: _April 9, 2018_

Result (attach a copy of the court's opinion or order, if available): _See Court Record on Application For Supervisory and/or Remedial Writs: Writ Denied._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _N/A_

(e) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _Louisiana Supreme Court, Writ No. 2018-KH-0796; Writ Denied; See Per Curiam._

AO241 (Rev. 10/07)

Page 8

**GROUND TWO:** _Ineffective Assistance of Counsel in violation of the Sixth Amendment to the United States Constitution and Louisiana Constitution Article I § 13._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _See the attached Memorandum of Law and Argument in Support of the Petition._

(b) If you did not exhaust your state remedies on Ground Two, explain why: _N/A_

(c) **Direct Appeal of Ground Two:**

(1) If you appealed form the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _N/A_

(d) Post-Conviction Proceedings:

(3) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(4) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Same as (d)(2)(3)(4)(5)(6)(7)._

Name and location of the court where the motion or petition was filed: _Same._

Docket or case number (if you know): _Same._

Date of the court's decision: _Same._

Result (attach a copy of the court's opinion or order, if available): _Same._

AO241
(Rev. 10/07)

Page 9

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Same as (d)(2)(3)(4)(5)(6)(7)._

Docket or case number (if you know): _Same._

Date of the court's decision: _Same._

Result (attach a copy of the court's opinion or order, if available): _Same._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _N/A_

(f) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _Same as (e)._

AO241                                                                  Page 10
(Rev. 10/07)

**GROUND THREE:** _NONE_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _N/A_

(b) If you did not exhaust your state remedies on Ground Three, explain why: _N/A_

(c)     **Direct Appeal of Ground Three:**

    (1) If you appealed form the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why: _N/A_

(d) Post-Conviction Proceedings:

    (5) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes     ☒ No _N/A_

    (6) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _N/A_

Name and location of the court where the motion or petition was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

AO241                                                                                                        Page 11
(Rev. 10/07)

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes      ☒ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes      ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?   ☐ Yes      ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __N/A__

Docket or case number (if you know): __N/A__

Date of the court's decision: __N/A__

Result (attach a copy of the court's opinion or order, if available): __N/A__

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: __N/A__

(g) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: __N/A__

AO 241
(Rev. 10/07)

Page 12

**GROUND FOUR:** NONE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed form the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

    (2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) Post-Conviction Proceedings:

    (7) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes    ☑ No

    (8) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

AO241　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 13
(Rev. 10/07)

| | Yes | No |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ | ☒ |
| (4) Did you appeal from the denial of your motion or petition? | ☐ | ☒ |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal? | ☐ | ☒ |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _N/A_

(h) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _N/A_

13.　Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have presented in this petition been presented to the highest state court having jurisdiction?　☒ Yes　　☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _N/A_

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them: _NO_

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _N/A_

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised. _N/A_

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging: _Roy K. Burns, 335 North New Hampshire Street, Covington, Louisiana 70433, was retained counsel of record._

(a) At preliminary hearing: _Petitioner was deprived of a Preliminary Hearing; however, Roy K. Burns was counsel of record._

(b) At arraignment and plea: _Same._

(c) At trial: _Same._

(d) At sentencing: _Same._

(e) On appeal: _Same._

(f) In any post-conviction proceeding: _Stephen A. Yazbeck, P.O. Box 1596, Covington, Louisiana, was retained counsel of record. He died prior to the post-conviction proceeding being decided._

(g) On appeal from any adverse ruling in a post-conviction proceeding: _Willard Hall, the petitioner, in pro se representation._

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment that you are challenging?  ☐ Yes  ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _N/A_

(b) Give the date the other sentence was imposed: _N/A_

(c) Give the length of the other sentence: _N/A_

(d) Have you filed, or do you plan to file, any petition that challenges that judgment or sentence to be served in the future?  ☐ Yes  ☑ No  _N/A_

18. **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitation as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_The one-year statute of limitation period has not yet expired; the petition is "timely" filed in this case._

AO241 (Rev. 10/07)  Page 16

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction of other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *Grant federal habeas corpus relief and order the petitioner's immediate release from State custody, or in the alternative, Order an Evidentiary Hearing to determine whether the State established probable cause for the defendant's arrest; and whether the defendant was deprived of effective assistance of counsel*

or any other relief to which petitioner may be entitled.

*Willard Hall*
Signature of Attorney (if any)

*Counsel of Record*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system of Rayburn Correctional Center.

Executed (signed) on *MAY 24, 2019* (date).

*Willard Hall*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.